REQUESTED BY: Joseph M. Casson, Jefferson County Attorney
Does subsection (1)(b) of Neb.Rev.Stat. § 39-655 render void the application of subsection (2) of said statute as applied to individuals driving around lowered railroad grade crossing arms?
No.
You have inquired as to a possible contradiction between two subsections of Neb.Rev.Stat. § 39-655. Subsection (1)(b) provides that:
 Whenever any person driving a vehicle approaches a railroad grade crossing under any of the circumstances set forth in this section, the driver of such vehicle shall stop within fifty feet but not less than fifteen feet from the nearest rail of such railroad and shall not proceed until he can do so safely. The requirements of this subsection shall apply when:
. . . .
 (b) A crossing gate is lowered or a human flagman gives or continues to give a signal of the approach or passage of a railroad train;
Subsection (2) provides: `No person shall drive any vehicle through, around, or under any crossing gate or barrier at a railroad crossing while such gate or barrier is closed or is being opened or closed.' The contradiction to which you refer arises if one reads (1)(b) as permitting an individual to pass `through, around or under' the lowered crossing arms if it is safe to do so. Such a construction of this statute is impermissible. The applicable rule of statutory construction is as follows:
 `Provided always that the interpretation of a statute is reasonable and not in conflict with legislative intent, it is a cardinal rule of construction of statutes that effect must be given, if possible, to the whole statute and every part thereof and it is the duty of the court, so far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. Just as an interpretation which gives effect to the statute will be chosen instead of one which defeats it, so an interpretation which gives effect to the entire language will be selected as against one which does not.'
Application of Silberman, 153 Neb. 338, 44 N.W.2d 595
(1950).
It would appear that subsection (1) specifies those instances in which the operator of a motor vehicle must stop at a grade crossing. Parts (a) and (b) include those situations in which mechanical signals or devices, crossing arms, or human flagmen are warning of the approach of an oncoming train. Parts (c) and (d) detail those instances in which the approach of the train is detectable either audibly or visually. In all instances, the operator of the motor vehicle must stop and `shall not proceed until he can do so safely.' In order to give effect to subsection (2) and interpret it consistently with subsection (1), one must necessarily conclude that a train is approaching if a crossing gate or barrier (either mechanical or human) exists at a railroad crossing. If so, it is not safe to proceed until the train has passed and the barriers are lifted or the flagman so indicates. Consequently, until such time as the barrier is removed, it is neither safe nor lawful to cross that barrier by any means.
Very truly yours,
PAUL L. DOUGLAS Attorney General Ruth Anne E. Galter
Assistant Attorney General
APPROVED:
Paul L. Douglas
Attorney General